IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIEL SHAZIER, | ) |
| Plaintiff(s), | ) No. C 05-3951 TEH (PR) |
| vs. | ) ORDER OF SERVICE |
| COUNTY OF SANTA CLARA, et al., | ) (Doc # 3) |
| Defendant(s). | ) |

Plaintiff, a "sexually violent predator" civilly committed to Atascadero State Hospital for renewable periods of two years under California's Sexually Violent Predator Act, Cal. Welf. & Inst. Code § 6600 ("SVPA"), has filed a pro se action under 42 U.S.C. § 1983 alleging that, while temporarily housed at the Santa Clara County Jail from May 14 or 15, 2003 to August 2003, November 4 or 5, 2003 to November 11 or 12, 2003, December 1, 2004 to January 15 or so, 2005, and approximately March 1, 2005 to the end of the March 2005, while attending court proceedings at Santa Clara County Superior Court, defendants violated his constitutional rights by housing him at the jail under conditions of confinement that are punitive and unlawful for civil detainees.

Plaintiff seeks declaratory, injunctive and monetary relief. He also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 (doc # 3), which, good cause shown, is GRANTED. See Page v. Torrey, 201 F.3d 1136, 1139-40

(9th Cir. 2000) (financial reporting and full filing fee requirements of 28 U.S.C. § 1915(a)(2) & (b), applicable to "prisoners," do not apply to individuals facing civil commitment proceedings under SVPA).

## DISCUSSION

### A.   Standard of Review

Federal courts must dismiss a case filed in forma pauperis under 28 U.S.C. § 1915 at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

### B.   Legal Claims

Plaintiff claims that while a pre-trial and post-trial civil detainee at the Santa Clara County Jail he was subjected to conditions of confinement that were punitive and unlawful for civil detainees.  Among other things, plaintiff alleges that he was "left locked inside a cell for up to 3 days at a time" and denied access to "religious practices, fellowship and services," "mental health treatment" and "communications with his family and/or friends."   Plaintiff claims he will again be subjected to these conditions when he again is returned to the Santa Clara County Jail for his next court appearance.

The Ninth Circuit has held that a civil detainee awaiting adjudication is entitled to conditions of confinement that are not punitive, and that a presumption

of punitive conditions arises where the individual is detained under conditions identical to, similar to, or more restrictive than those under which pretrial criminal detainees are held, or where the individual is detained under conditions more restrictive than those he would face upon commitment. Jones v. Blanas, 393 F.3d 918, 934 (9th Cir. 2004). If the presumption applies, defendants should be permitted to demonstrate legitimate, non-punitive interests justifying the conditions of the detainee awaiting SVPA proceedings, and to show that the restrictions imposed on the detainee were not excessive in relation to these interests. See id. at 934-35.

Although not every objectionable condition or restriction to which plaintiff was subjected as a pretrial civil detainee may have violated his federal constitutional rights, he has alleged enough, especially when liberally construed and in light of Jones v. Blanas, to state a cognizable claim under § 1983 for denial of the protections he is due under the Due Process Clause. In the interest of justice, the named defendants – County of Santa Clara, Jim Babcock, Edward C. Flores, Toby Wong, R. Brooks and Mitchell Conner – accordingly will be served. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (when seeking injunctive or declaratory relief, a plaintiff does not have to establish the same narrow causal connection between his injuries and a responsible defendant as when seeking damages from an individual).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.     The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants: County of Santa Clara, Jim Babcock, Edward C. Flores, Toby Wong, R. Brooks

and Mitchell Conner . The clerk also shall serve a copy of this order on plaintiff.

    2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

        d.      If defendants wish to file a reply brief, they shall do so no later than 15 days after plaintiff serves them with the opposition.

        e.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4.      All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: 02/16/06

*[signature]*
THELTON E. HENDERSON
United States District Judge

5