IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIEL SHAZIER, | No. C 05-3951 TEH (PR) |
| Plaintiff(s), | ORDER DENYING MOTION FOR COUNSEL AND FOR PROTECTIVE ORDER AND SETTING SCHEDULING ORDER |
| vs. | |
| COUNTY OF SANTA CLARA, et al., | |
| Defendant(s). | (Docket Nos. 17, 18) |

Plaintiff filed a pro se action under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by housing him during civil commitment proceedings at the county jail under conditions of confinement that are punitive and unlawful for civil detainees. On February 16, 2006, the Court ordered service of the complaint on Defendants and ordered them to file a dispositive motion within ninety days of the order of service.

Thereafter, on May 15, 2006, Defendants answered the complaint and in a response to the Court's order, notified the Court that Defendant Jim Babcock is no longer employed by Santa Clara County and that the County "requests the opportunity" to complete an investigation of the case before filing a dispositive motion. Defendants subsequently filed a motion for leave to depose Plaintiff, which was granted by the Court. Shortly after the Court's order, Plaintiff filed a motion for counsel and a motion seeking a protective order to prevent Defendants

from deposing Plaintiff.

Plaintiff requests that the Court appoint counsel because he is indigent and not educated in law and, therefore, unable to protect himself against the "intricate schemes of modern attorneys." However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Rand, 113 F.3d at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. In this case, Plaintiff has demonstrated ample ability to articulate his claims effectively and adequate capability to represent himself at this point in the proceedings. As such, Plaintiff's motion is DENIED without prejudice (docket no. 17).

Plaintiff's motion for a protective order is DENIED, as Plaintiff has failed

to establish a legitimate reason why a protective order should issue (docket no. 18). It is not sufficient reason to issue a protective order that Plaintiff feels unprepared to object to questions and would feel greatly oppressed to be by himself at a deposition with Defendants' counsel.

More than one year has passed since Defendants filed their response to the Court indicating that they would file a dispositive motion after further investigation of this matter. Therefore, the Court now orders Defendants to file a dispositive motion within sixty days from the date of this order. Any further requests made of the Court by either party should be filed as a motion.

SO ORDERED.

DATED: 9/6/07

THELTON E. HENDERSON
United States District Judge

3